IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**VICTORIA NICOLE STODDARD,**

    Plaintiff,

v.                                                                                                                                                                     No. 21-cv-0669 MIS/SMV

**JEREMIAH J. HARMS,**
**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,**
**GURINDER SINGH HUNDAL,**
**GOLDEN TRUCKING,**
**WILSHIRE INSURANCE COMPANY,**
**BRANDY STODDARD,**
**PROGRESSIVE PALOVERDE INSURANCE COMPANY,**
**and JOHN AND JANE DOES 1–10,**

    Defendants,[1]

and

**BRANDY STODDARD,**[2]

    Cross-Plaintiff/Third-Party Plaintiff,

v.

**JEREMIAH J. HARMS,**
**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,**
**GURINDER SINGH HUNDAL,**
**GOLDEN TRUCKING, and**
**WILSHIRE INSURANCE COMPANY,**

    Cross-Defendants,

and

---

[1] Plaintiff's original Complaint, filed in state court on December 28, 2020, named only John Does as Defendants. [Doc. 1-1] at 4–11. Plaintiff's First Amended Complaint, filed in state court on March 31, 2021, named among others, Tiwana Insurance Solutions, Inc. as a Defendant. [Doc. 1-1] at 14–25. But Tiwana was not named in the Second Amended Complaint, [Doc. 1-1] at 156–69, which was filed on June 10, 2021, in state court, and is the operative complaint.

[2] John Stoddard was named alongside Brandy Stoddard as initiating the same claims, but it does not appear that he has been granted leave to intervene. *See* Fed. R. Civ. P. 24; *see also* Rule 1-024 NMRA.

**DERRYON JAMES, ALEXANDER UZVENKO,
GLOBAL CARGO LOGISTICS, and
JOHN AND JANE DOES 1–10,**

 Third-Party Defendants.

**and**

**JEREMIAH J. HARMS,**

 Cross-Plaintiff/Cross-Defendant,

**v.**

**GURINDER SINGH HUNDAL and
GOLDEN TRUCKING,**

 Cross-Defendants/Cross-Plaintiffs.

## ORDER APPOINTING GUARDIAN AD LITEM

**THIS MATTER** having come before the Court on the Joint Motion of the Parties for the appointment of a Guardian ad Litem [Doc. 24] to assist the Court in evaluating the proposed settlement of this pending litigation benefiting minor children, Ava Stoddard and Ian Stoddard, and the Court, having reviewed the file and being otherwise fully advised, hereby FINDS:

 1. A Guardian ad Litem should be appointed by this Court in connection with the Court's consideration of matters relating to settlement of the minors' claims in this matter.

 2. The Guardian ad Litem should be appointed to investigate, on behalf of the Court, the fairness and reasonableness of proposed settlement and the effect on the minor children.

 3. The Guardian ad Litem shall have access to all medical and other records of the minor children that are relevant to the issues in this case.

4.      At any hearing in this case, the Guardian ad Litem should be entitled to testify as a witness or may informally report to the Court on the nature and scope of her investigation, her conclusions, and her recommendations regarding both the fairness and reasonableness of the proposed settlement and the manner in which the settlement monies shall be held/used on behalf of the minor children.

5.      The Guardian ad Litem's appointment would not contemplate representation of the minor children as an advocate, but only as a functionary of the Court.

6.      The Guardian ad Litem's responsibilities under this appointment will be to the Court, and not to the children.  The children in this matter are already represented by counsel and their respective parents, and the Guardian ad Litem under this appointment should not be requested to invade or interfere with the children's counsels' responsibilities to represent the children adequately and effectively.

7.      There are strong public-policy reasons to grant immunity to the Guardian ad Litem in this case, who is acting as an "arm of the Court," and is performing an essential role in this Court's administration of justice, as the Judge's assistant.

8.      All immunities and privileges available, as articulated by the New Mexico Supreme Court in *Collins v. Tabet*, 1991-NMSC-013, 111 N.M. 391, should be extended to the Guardian ad Litem in this matter.

9.      Cynthia L. Zedalis, Esq. is qualified to perform as a Guardian ad Litem in this matter.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, Cynthia L. Zedalis, Esq. shall be appointed as Guardian ad Litem for the minor children, as an "arm of the Court", appointed in connection with this Court's consideration of a settlement involving the minor children. Cynthia L. Zedalis, Esq. shall be absolutely immune from any liability for her actions taken pursuant to this appointment, insofar as her conduct in the case is as a result of her investigation on behalf of this Court into the fairness and reasonableness of the settlement in their effect on the minor children. The Guardian ad Litem's duties and obligations in this matter are owed to the Court, and not to the minor children.

This appointment of Cynthis L. Zedalis as Guardian ad Litem is intended to convey upon her all of the immunities and protections allowed and provided under *Collins v. Tabet*, 1991-NMSC-013, 111 N.M. 391.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**