IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**VICTORIA NICOLE STODDARD,**

    Plaintiff,

v.                                                                                                                                           No. 21-cv-0669 MIS/SMV

**JEREMIAH J. HARMS,**
**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,**
**GURINDER SINGH HUNDAL,**
**GOLDEN TRUCKING,**
**WILSHIRE INSURANCE COMPANY,**
**BRANDY STODDARD,**
**PROGRESSIVE PALOVERDE INSURANCE COMPANY,**
**and JOHN AND JANE DOES 1–10,**

    Defendants,[1]

and

**BRANDY STODDARD,**[2]

    Cross-Plaintiff/Third-Party Plaintiff,

v.

**JEREMIAH J. HARMS,**
**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,**
**GURINDER SINGH HUNDAL,**
**GOLDEN TRUCKING, and**
**WILSHIRE INSURANCE COMPANY,**

    Cross-Defendants,

and

---

[1] Plaintiff's original Complaint, filed in state court on December 28, 2020, named only John Does as Defendants. [Doc. 1-1] at 4–11. Plaintiff's First Amended Complaint, filed in state court on March 31, 2021, named among others, Tiwana Insurance Solutions, Inc. as a Defendant. [Doc. 1-1] at 14–25. But Tiwana was not named in the Second Amended Complaint, [Doc. 1-1] at 156–69, which was filed on June 10, 2021, in state court, and is the operative complaint.

[2] John Stoddard was named alongside Brandy Stoddard as initiating the same claims, but it does not appear that he has been granted leave to intervene. *See* Fed. R. Civ. P. 24; *see also* Rule 1-024 NMRA.

**DERRYON JAMES, ALEXANDER UZVENKO, GLOBAL CARGO LOGISTICS, and JOHN AND JANE DOES 1–10,**

    Third-Party Defendants.

and

**JEREMIAH J. HARMS,**

    Cross-Plaintiff/Cross-Defendant,

v.

**GURINDER SINGH HUNDAL and GOLDEN TRUCKING,**

    Cross-Defendants/Cross-Plaintiffs.

## ORDER OF REFERENCE

Pursuant to the provisions of 28 U.S.C. § 636(b)(l)(B) and (b)(3) and Rule 72(b) of the Federal Rules of Civil Procedure, Plaintiff's Unopposed Motion to Approve Settlement [Doc. 40] is referred to Magistrate Judge Stephan M. Vidmar to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the undersigned District Judge an ultimate disposition of the Motion.  The Magistrate Judge shall submit to the District Judge assigned to this case an analysis, including findings of fact, if necessary, and recommended disposition, with copies provided to the parties.

The parties shall be given the opportunity to object to the proposed findings, analysis, and disposition as described in 28 U.S.C. § 636(b)(l).  Objections must be filed within 14 days after being served with a copy of the proposed disposition.  A party waives the right to challenge a Magistrate Judge's findings and recommendation if the party does not file timely and specific objections.

*Martinez v. Barnhart,* 444 F.3d 1201, 1208 (10th Cir. 2006); *Soliz v. Chafer,* 82 F.3d 373, 375 (10th Cir. 1996).

_____
**MARGARET I. STRICKLAND**
**United States District Judge**