IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTORIA NICOLE STODDARD,

    Plaintiff,

v.                                                            No. 21-cv-0669 MIS/SMV

JEREMIAH J. HARMS,
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,
GURINDER SINGH HUNDAL,
GOLDEN TRUCKING,
WILSHIRE INSURANCE COMPANY,
BRANDY STODDARD,
PROGRESSIVE PALOVERDE INSURANCE COMPANY,
and JOHN AND JANE DOES 1–10,

    Defendants,[1]

and

BRANDY STODDARD,[2]

    Cross-Plaintiff/Third-Party Plaintiff,

v.

JEREMIAH J. HARMS,
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,
GURINDER SINGH HUNDAL,
GOLDEN TRUCKING, and
WILSHIRE INSURANCE COMPANY,

    Cross-Defendants,

---

[1] Plaintiff's original Complaint, filed in state court on December 28, 2020, named only John Does as Defendants. [Doc. 1-1] at 4–11. Plaintiff's First Amended Complaint, filed in state court on March 31, 2021, named among others, Tiwana Insurance Solutions, Inc. as a Defendant. [Doc. 1-1] at 14–25. But Tiwana was not named in the Second Amended Complaint, [Doc. 1-1] at 156–69, which was filed on June 10, 2021, in state court, and is the operative complaint.

[2] John Stoddard was named alongside Brandy Stoddard as initiating the same claims, but it does not appear that he has been granted leave to intervene. *See* Fed. R. Civ. P. 24; *see also* Rule 1-024 NMRA.

And

**DERRYON JAMES, ALEXANDER UZVENKO,
GLOBAL CARGO LOGISTICS, and
JOHN AND JANE DOES 1–10,**

    Third-Party Defendants.

and

**JEREMIAH J. HARMS,**

    Cross-Plaintiff/Cross-Defendant,

v.

**GURINDER SINGH HUNDAL and
GOLDEN TRUCKING,**

    Cross-Defendants/Cross-Plaintiffs.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## TO APPROVE A SETTLEMENT

THIS MATTER comes before the Court on the Plaintiff's Unopposed Motion to Approve Settlement (the "Motion") [Doc. 40], filed June 29, 2022. United States District Judge Margaret I. Strickland referred the Motion to me for analysis and a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure. [Doc. 41].

The Court appointed Cynthia L. Zedalis, Esq., as guardian ad litem to assess the fairness and reasonableness of the proposed settlement and its effect on Plaintiff's minor children, Ava and Ian Stoddard. [Doc. 38]. Ms. Zedalis filed a report of her findings on June 29, 2022 (the "GAL Report") in which she recommended approval of the settlement. [Doc. 39]. I held a hearing on the fairness of the proposed settlement on August 19, 2022. Having considered the Motion, the GAL Report, the Plaintiff's Second Amended Complaint, and the record, I find that the proposed

settlement is fair to and serves the best interests of Ava and Ian Stoddard. Accordingly, I recommend that the Motion be granted, and that the Court approve the settlement.

## BACKGROUND

Plaintiff filed suit in the New Mexico Second Judicial District Court after her two children, Ava and Ian, were injured in an automobile accident. [Doc. 1-1]. The children and their father, John Stoddard, were riding in a vehicle driven by Brandy Stoddard, the children's stepmother, when it was struck from behind by a truck driven by Derryon James. [Doc. 39] at 6. The case was removed to this Court on July 20, 2021. [Doc. 1].

At a mediation on January 25, 2022, with Denise Torres, Esq., Plaintiff accepted offers of settlement which, after deductions of attorneys' fees and costs, as well as subrogated medical expenses, will be divided 60%/40% between Ava and Ian. [Doc. 39]. The bulk of the settlement monies will be distributed to Ava and Ian through structured settlements, with the remainder held in trust for Ava and Ian. Plaintiff will be the trustee of the trusts. *Id*. The global settlement will resolve all claims, counterclaims, and crossclaims.

At the fairness hearing, the guardian ad litem presented her report and her recommendation to approve the proposed settlement and answered questions. On questioning by Defendants and the Court, Plaintiff testified that she understands and approves of the settlement. At the close of the evidence, all the parties expressed approval of the proposed settlement and requested Court approval of the settlement. The parties waived their right to file objections to my proposed findings. *See* 28 U.S.C. § 636(b)(1).

**LEGAL STANDARD**

"The general rule [in many jurisdictions] is that a next friend or guardian ad litem acting for a minor may negotiate a settlement, but such compromise is not binding on the infant in the absence of judicial approval." *Garcia v. Middle Rio Grande Conservancy Dist.*, 1983-NMCA-047, ¶ 28, 99 N.M. 802, overruled on other grounds by *Montoya v. AKAL Sec., Inc.*, 1992-NMSC-056, 114 N.M. 354. Thus, when a settlement is presented to a reviewing court for approval, the court must determine whether the settlement is fair and in the best interests of the minor children. *See Shelton v. Sloan*, 1999-NMCA-048, ¶ 45, 127 N.M. 92 (concluding that the Court's role is to "review[] the fairness of the agreement itself"); *Garcia*, 1983-NMCA-047, ¶ 30 ("In passing upon settlements dealing with claims or rights of minors, the court must determine whether the approval of a compromise would be in the best interests and welfare of the minor child."). "[W]hen a settlement involving a minor is presented to a court for approval and the information before the court indicates that the settlement is not fair to the minor, the court must reject the settlement." *Shelton*, 1999-NMCA-048, ¶ 42.

My assessment is guided by the following factors:

(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law or fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.

*Jones v. Nuclear Pharm., Inc.*, 741 F.2d 322, 324 (10th Cir. 1984).

**FINDINGS OF FACT**

Having considered the evidence, I find that the proposed settlement was fairly and honestly negotiated, and that serious questions of law and fact exist which, in the absence of this settlement,

4

place the ultimate outcome of this litigation in doubt. In addition, I find the value of an immediate recovery through this settlement outweighs the mere possibility of future relief through what would be protracted and expensive litigation. In the judgment of all the parties, this settlement is fair and reasonable. Finally, I find that the settlement is in the best interests of Ava and Ian Stoddard.

## CONCLUSION AND RECOMMENDED DISPOSITION

Based on the foregoing findings of fact, I respectfully recommend that Plaintiff's Unopposed Motion to Approve the Settlement [Doc. 40] be **GRANTED** and the settlement **APPROVED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**